IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES HAMLETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-276 (MTT) |
| | : | |
| GREGORY MCLAUGHLIN, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is the Motion to Dismiss filed by Defendants Gregory McLaughlin and Chiquita Fye. Doc. 18. Because Plaintiff Charles Hamlett failed to exhaust his administrative remedies before filing his complaint, and because Plaintiff has also failed to state a claim upon which relief may be granted, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 18) be **GRANTED**.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Charles Hamlett, who is proceeding *in forma pauperis* in the above-styled 42 U.S.C. § 1983 case, is currently an inmate at Macon State Prison in Oglethorpe, Georgia. On July 7, 2012, Plaintiff executed his complaint against Defendants Gregory McLaughlin and Chiquita Fye. Doc. 1.[1] The Court ordered Plaintiff to file a supplement to his complaint because his complaint failed to provide sufficient detail to allow the Court to evaluate his claims. Doc. 5. Plaintiff subsequently filed two supplemental pleadings. Docs. 6, 7.

---

[1] Although the Court received Plaintiff's complaint on July 13, 2012, Plaintiff executed his complaint on July 7, 2012, which is construed as the date of filing where, as here, a *pro se* inmate files his civil rights complaint under 42 U.S.C. § 1983. See generally Lewis v. Barnick, 385 Fed. Appx. 930, 931 (11th Cir. 2010), quoting Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993).

Plaintiff alleges that he has not received "any medical treatment" for his previously diagnosed medical condition of Hepatitis C since he arrived at Macon State Prison in August 2010. Doc. 1 at 4. According to Plaintiff, unspecified nonparty physicians at a different prison first diagnosed Plaintiff with Hepatitis C and told him that additional medical treatment would be necessary. Doc. 7 at 1. Plaintiff claims that his health has deteriorated as indicated by his skin darkening and his fatigue increasing. Id. at 2. Plaintiff also claims that both Defendant McLaughlin and Defendant Fye have ignored Plaintiff's numerous written and oral requests for appropriate medical treatment of his Hepatitis C. Doc. 6 at 2; Doc. 7 at 2-4.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court concluded that it would be inappropriate to dismiss this case without further factual development. Doc. 9. On September 24, 2012, Defendants filed a Motion to Dismiss. Doc. 18. Plaintiff failed to respond to the Motion to Dismiss even though the Court expressly instructed him to do so on September 25, 2012. Doc. 21. Despite his failure to respond to Defendants' Motion to Dismiss, Plaintiff has filed other pleadings in the interim. Docs. 23, 24.

## DISCUSSION

The Motion to Dismiss (Doc. 18) argues, *inter alia*, that Plaintiff failed to exhaust his administrative remedies and that Plaintiff failed to state a claim upon which relief may be granted. Because Plaintiff failed to exhaust his administrative remedies regarding the medical treatment of his Hepatitis C at Macon State Prison before he filed his original complaint, Plaintiff's deliberate indifference claim should be dismissed for failure to properly exhaust all available administrative remedies. Alternatively, Plaintiff's deliberate indifference claim could be dismissed because Plaintiff has failed to state a claim against Defendant McLaughlin and Defendant Fye that is plausible on its face.

A. <u>Failure to Exhaust Administrative Remedies</u>

Pursuant the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] [...], or any other federal law, by a prisoner confined in any [...] prison [...] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory precondition to filing suit, and federal courts cannot waive the exhaustion requirement. <u>Booth v. Churner</u>, 532 U.S. 731, 734 (2001); <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1326 (11th Cir. 1998). The exhaustion requirement requires proper exhaustion in compliance with the administrative process, and claims that are not properly exhausted must be dismissed. <u>Harper v. Jenkin</u>, 179 F.3d 1311, 1312 (11th Cir. 1999).

It is well-established that the exhaustion of available administrative remedies is mandatory, even when the administrative procedures set forth by the prison are futile or inadequate. <u>Alexander</u>, 159 F.3d at 1326. That is, to satisfy the exhaustion requirement, the plaintiff must pursue all available administrative remedies fully. <u>Harper</u>, 179 F.3d at 1312. Because the plaintiff must exhaust his administrative remedies fully before commencing his lawsuit in federal court, any claims that were not exhausted before the plaintiff filed his original complaint must be dismissed even if the plaintiff exhausts his administrative remedies at some future date. <u>Smith v. Terry</u>, 491 Fed. Appx. 81, 83-84 (11th Cir. 2012).

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, review of the motion involves a two-step process. <u>Turner v. Burnside</u>, 541 F.3d 1077, 1082 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. <u>Id</u>. If they conflict, the court takes the plaintiff's version of the facts as true. <u>Id</u>. "If, in that light, the defendant is entitled to

3

have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

In this case, Defendants have provided the Court with undisputed evidence that Plaintiff failed to exhaust his available administrative remedies regarding the medical treatment of his Hepatitis C at Macon State Prison before filing his original complaint. More specifically, Defendants have attached the affidavit of John Hill, the Chief Counselor at Macon State Prison, which is labeled as Exhibit 1. Doc. 18-1 at 18-25. Defendants also have attached the Georgia Department of Corrections Standard Operating Procedure (GDOC SOP), which is labeled as Attachment A. Id. at 26-38. The GDOC SOP sets forth the statewide grievance procedure under which inmates must attempt to resolve their grievances internally by following three steps: (1) file an informal grievance to which the prisoner's counselor must respond within 10 days; (2) file a formal grievance to which the warden must respond within 30 days; and (3) file an appeal to which the commissioner's office must respond within 90 days. Id.

Additionally, Defendants have provided Plaintiff's movement history and his grievance history, which are labeled as Attachment B and Attachment C respectively. Id. at 39-42. According to Plaintiff's grievance history, Plaintiff filed nine grievances at Macon State Prison between September 16, 2010, and July 2, 2012. Id. at 42. Although Plaintiff initiated nine informal grievances at Macon State Prison between September 16, 2010, and July 2, 2012, Plaintiff only pursued one of his nine informal grievances, grievance number 123709, through

the second step of the three-step statewide grievance procedure at the time he filed his original complaint on July 7, 2012. Id. at 23, 42. Plaintiff did not pursue any of his remaining eight informal grievances beyond the first step of the three-step statewide grievance procedure before initiating this lawsuit. Id.

The documents involving grievance number 123709, which are labeled as Attachment D to Defendants' Motion, establish that Plaintiff filed an informal grievance regarding Defendant Fye's alleged deliberate indifference to his Hepatitis C on June 26, 2012, and that Plaintiff filed a formal grievance on July 6, 2012. Id. at 44-52. As such, Plaintiff's formal grievance regarding grievance number 123709 was filed only one day before Plaintiff filed his original complaint. Plaintiff was not notified of the denial of this formal grievance until July 20, 2012, which is thirteen days after Plaintiff filed his original complaint. Because Plaintiff undisputedly did not complete the three-step statewide grievance procedure set forth in the GDOC SOP with regard to any of the grievances he filed at Macon State Prison before initiating this lawsuit on July 7, 2012, the Court should dismiss this case for failure to exhaust all available administrative remedies. See Smith, 491 Fed. Appx. at 83-84 (finding that because the plaintiff failed to exhaust his administrative remedies before he filed his original complaint, dismissal for failure to exhaust was proper).

B. Failure to State a Claim

  1. Applicable Legal Standards

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679, citing Twombly, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

2. Plaintiff's Deliberate Indifference to Serious Medical Needs Claim

The Eighth Amendment prohibits cruel and unusual punishment, which includes deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Nonetheless, not every claim of inadequate medical treatment states a cognizable claim under the federal constitution. Id. "Medical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotations omitted).

To establish deliberate indifference to his medical needs, a prisoner must satisfy both an objective and a subjective component. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). Regarding the objective component, a prisoner must allege both an objectively serious medical

need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). Regarding the subjective component, a prisoner must allege three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Additionally, as with any tort claim, the prisoner must show that an injury was caused by the defendant's wrongful conduct. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

It is not enough to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. Accidental inadequacy, negligence in diagnosis or treatment, and even medical malpractice under state law are not actionable under 42 U.S.C. § 1983. Taylor, 221 F.3d at 1258. A prisoner also cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment" and as such are not actionable. Estelle, 429 U.S. at 105.

In this case, Plaintiff fails to state a plausible claim for deliberate indifference to his serious medical needs because he does not allege facts sufficient to satisfy the subjective component of a deliberate indifference claim. Even though Plaintiff's Hepatitis C may be an objectively serious medical need, Plaintiff does not allege specific facts to show that Defendant McLaughlin and Defendant Fye: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) engaged in conduct that was more than mere negligence. McElligott, 182 F.3d at 1255. Plaintiff makes vague and conclusory allegations about his written

7

and oral requests for treatment to both Defendant McLaughlin and Defendant Fye, but never articulates when Plaintiff allegedly contacted Defendant McLaughlin and Defendant Fye and what he allegedly informed them about his medical needs. Moreover, the Court need not accept as true Plaintiff's unsubstantiated legal conclusion that his unspecified requests "are sufficient to prove both objective and subjective requirements of a legitimate Eighth (8th) Amendment claim," (Doc. 7. at 3), against Defendant McLaughlin and Defendant Fye. See Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555.

Insofar as the evidence filed by Defendants in support of the Motion to Dismiss indicates that Plaintiff disagreed with the course of his medical treatment for Hepatitis C at Macon State Prison, (Doc. 18-1 at 44-65), a mere disagreement about the course of one's treatment is "a classic example of a matter for medical judgment" that does not give rise to an actionable claim of deliberate indifference. Estelle, 429 U.S. at 106-107; see also Hamm, 774 F.2d at 1575 ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). Plaintiff must establish that Defendant McLaughlin and Defendant Fye's response to Plaintiff's medical need "was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnosi[s] or treat[ment],' or even '[m]edical malpractice' actionable under state law." Taylor, 221 F.3d at 1258, quoting Estelle, 429 U.S. at 105. Plaintiff fails to allege sufficiently specific facts to do so.

Consequently, even after accepting the factual allegations in the complaint and subsequent supplements as true and construing those allegations in the light most favorable to Plaintiff, Plaintiff simply does not allege "sufficient factual matter" to state a claim of deliberate indifference to serious medical needs against Defendant McLaughlin and Defendant Fye that is

8

"plausible on its face." Iqbal, 556 U.S. at 678. As such, if the Court does not dismiss this case for failure to properly exhaust all available administrative remedies, Plaintiff's deliberate indifference claim could be dismissed on this alternative basis as well.

## CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies before filing his complaint, and because Plaintiff also failed to state a claim upon which relief may be granted, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 18) be **GRANTED**. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO **RECOMMENDED**, this 7th day of June, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge